IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00093-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TONY OBRIAN DAVIS | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Notice of Appeal, (Doc. No. 72), of the magistrate judge's denial, (Text-only Order, July 16, 2020), of the defendant's motion for inquiry of counsel, (Doc. No. 71).

Federal Rule of Criminal Procedure 59(a) allows a district judge to refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. When a party objects to a magistrate judge's order on a nondispositive matter, a district judge must determine whether the order is contrary to law or clearly erroneous. Fed. R. Crim. P. 53(a).

Here, the defendant sought a fifth appointed lawyer based on current counsel's alleged insufficient representation, complaints about information in the Presentence Report, and lingering hesitations about the plea agreement. (Doc. No. 71: Motion at 1-2). The magistrate judge considered the late stage of the proceedings and the history of the case and concluded that substitution of counsel was not warranted under United States v. Mullen, 32 F.3d 891 (4th Cir. 1994). Indeed, there is no reason to expect that the defendant will be satisfied with any attorney appointed by the Court. (See e.g. Doc. No. 17: Pro Se Letter (alleging

"insufficient counseling" within eight days of first counsel's appointment); Doc. No. 26: Motion (requesting new counsel within one month of second counsel's appointment); Minute Order, July 3, 2019 (finding defendant's behavior contributed to need for appointment of new counsel); Doc. No. 41: Motion (relating "emotionally aggressive, angry, and violent" conduct toward third appointed counsel); Doc. No. 46: Pro Se Motion (complaining of "insufficient counseling" by fourth appointed counsel). Accordingly, the Court finds that the magistrate judge's Order is neither contrary to law nor clearly erroneous. The defendant will, however, have the opportunity to address the Court personally at sentencing.

**IT IS, THEREFORE, ORDERED**, that this defendant's Notice of Appeal, (Doc. No. 72), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the United States Attorney.

Signed: September 25, 2020

Robert J. Conrad, Jr.
United States District Judge