IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00093-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TONY OBRIAN DAVIS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on Amendment 821 to the United States Sentencing Guidelines relating to status points. (Doc. No. 158).

Part A of the Amendment is retroactive and amended USSG §4A1.1 to limit the impact of status points on criminal history category. USSG §1B1.10(d), comment. (n.7). Here, the defendant's criminal history category was not impacted by status points because even without them his other points and his career offender designation would each result in criminal history category VI.[1] (Doc. No. 67: Presentence Report ¶¶55, 57). Accordingly, he is not eligible for relief. USSG §1B1.10 comment. (n.1(A)(ii)) (defendant not eligible for reduction where another guideline provision prevents lowering of guideline range).

---

[1] The defendant seeks the benefit of other amendments, changes in the law, and alleged errors. (Doc. No. 108: Motion at 3). However, in determining whether a defendant is eligible for retroactive relief under USSG §1B1.10, "the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline application decisions unaffected.'" United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (quoting USSG §1B1.10(b)(1)).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: December 1, 2023

Robert J. Conrad, Jr.
United States District Judge